# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYDIA LYNCH, individually; ROBERT A. EDWARDS, individually; PETER JACKSON, individually; JULIETTE RAMIREZ-HERNANDEZ, individually; RAUL MURIAS-HERNANDEZ, individually; JAMES VAN HOUTEN, individually; and AVELINA LAVENDER, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation; DOES I-X and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 2:10-cv-00962-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Sever Improperly Joined Claims and Dismiss All Claims but that of the First Named Plaintiff, Lydia Lynch–#5) |

Before the Court is Defendant American Family Insurance Company's ("American Family") **Motion to Sever Improperly Joined Claims and Dismiss All Claims but that of the First Named Plaintiff, Lydia Lynch** (#5), filed June 18, 2010. The Court has also considered Plaintiffs' Opposition (#9), filed July 6, 2010, and American Family's Reply (#12), filed July 15, 2010.

/

1

# BACKGROUND

This case arises out of seven separate motor vehicle accidents and attendant uninsured/under insured motorist ("UM/UIM") claims. Each accident took place on a different date and at a different location with different people involved. Each plaintiff received treatment from different physicians for different injuries. Each claim was adjusted separately and involved separate investigations, communications, and settlement offers. The similarity is that each Plaintiff had a different policy with the same insurer, American Family.

Plaintiffs allege that each Plaintiff was denied full compensation for their "UM/UIM claims as a result of American Family's systemic policy of unreasonable claims evaluation." (Dkt. #9, Resp. 2.) (emphasis omitted). Plaintiffs further allege that American Family's communications have been nearly identical and represent a uniform corporate policy to undervalue claims. Therefore, Plaintiffs argue that these claims should be joined.

Plaintiffs filed suit together in a single case. American Family removed the case from the Eighth Judicial District Court of the State of Nevada on June 18, 2010 to this Court. That same day, American Family moved to sever the case pursuant to Fed. R. Civ. P. 20 and 21, to create separate cases for each Plaintiff. For the reasons discussed below, the Court grants American Family's motion and severs this case.

# DISCUSSION

Plaintiffs have not shown that they meet the requirements of Rule 20 to bring a case jointly against American Family. To join as plaintiffs under Rule 20, Plaintiffs must show that they assert some common right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" and share a "common question of law or fact." However, joinder is generally encouraged where it is fair to all parties. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). These various car accidents do not meet this requirement because they are simply different accidents and are not alleged to be related in any way. Plaintiffs assert however that the common transaction or series of transactions are American Family's claim handling and

related procedures, which are common to all plaintiffs, and, in theory, each person insured by American Family.  This is also insufficient for joinder of these claims.

The claims handling process for the various plaintiffs does not meet the requirements for joinder.  The mere use of standard policies in handling insurance claims is insufficient to make different legal claims transactionally related.  Plaintiffs have shown the Court no law that says otherwise and the Court has found no law that says otherwise.  Plaintiffs do argue that dicta in *Coughlin v. Rogers* requires this Court to allow joinder because Plaintiffs contend that it is the underlying policy and procedure implemented by American Family that they claim is wrongful and that the actual accidents are immaterial.  130 F.3d 1348, 1350–51 (9th. Cir. 1997).

Under *Coughlin*, these plaintiffs should not be joined.  In *Coughlin*, various aliens attempted to get a writ of mandamus to compel the Immigration and Naturalization Service to adjudicate their various petitions.  *Id*. at 1349.  The *Coughlin* plaintiffs alleged general delay in violation of the United States Constitution and the Administrative Procedure Act.  *Id*. at 1350.  Importantly, the Ninth Circuit noted that "what may constitute undue delay in one case may not be so in another case."  *Id*. at 1351.  While the *Coughlin* court did consider the fact that the plaintiffs had not alleged a "pattern or policy of delay" as a factor in severing the case, that failure was not the only reason that the court severed the case.  *Id*. at 1350.  They also severed the case because the factual scenario behind each plaintiff's claim and what conduct would equate to delay was different.  *See id*. at 1350–51.  That is the scenario present in this case.  Here, like in *Couglin*, what amounts to breach of contract, breach of the covenant of good faith and fair dealing, and violation of NRS § 686A.310 is likely different for each plaintiff because of there different circumstances and insurance claims.  Therefore, as in *Coughlin*, joinder of these various plaintiffs is improper.

Further, joining these cases would not promote trial convenience or efficiency.  "The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  7 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1652 at 395 (3d ed. 2001).  Here, whether American Family is liable to

3

1  each plaintiff for breach of the covenant of good faith and fair dealing, breach of contract, or
2  violation of NRS § 686A.310 will be a fact intensive inquiry, unique to each individual plaintiff.
3  "[E]ven if Plaintiffs' cases were not severed, the Court would still have to give each claim
4  individualized attention," essentially requiring the Court to hold seven trials in one. *Coughlin*, 130
5  F.3d at 1351. Therefore, multiple separate lawsuits would be preferable and more fair than one
6  convoluted lawsuit and would better serve the purpose of Rule 20.

7  Since joinder of the plaintiffs in this case is improper, the Court will sever the case
8  under Rule 21. Rule 21 allows the Court to add or drop parties at anytime on just terms. Here, the
9  Court will sever each party save the first named party from the case, dismiss them, and grant leave
10 to file a new complaint within two weeks. Since the Court does not know who paid the filing fees
11 in this case, the fee will be credited to this case. The plaintiff in each new case will either have to
12 pay the filing fee or attempt to proceed *in forma pauperis* under 28 U.S.C. § 1915.

13 Finally, the use of Doe pleading is generally improper in federal court. *Graziose v.*
14 *American Home Products Corp.*, 202 F.R.D. 638 (D. Nev. 2001). If there are unknown parties,
15 whose role is known, that fact should be expressed in the complaint. Then a party may be able to
16 amend the complaint and have it relate back to the original filing if they eventually identify those
17 unknown parties and the circumstances justify it. *Id*. The parties are ordered to file their
18 complaint without Doe pleading if they file in federal court.

19 **CONCLUSION**

20 Accordingly, and for good cause appearing,

21 IT IS HEREBY ORDERED that American Family's Motion to Sever Improperly
22 Joined Claims and Dismiss All Claims but that of the First Named Plaintiff, Lydia Lynch (#5) is
23 GRANTED.

24 IT IS FURTHER ORDERED that Plaintiff Robert A. Edwards is dismissed from
25 this Complaint and is granted leave to file a separate complaint as directed above, no later than two
26 (2) weeks from the date of this order.

1  IT IS FURTHER ORDERED that Peter Jackson is dismissed from this Complaint
2  and is granted leave to file a separate complaint as directed above, no later than two (2) weeks
3  from the date of this order.
4  IT IS FURTHER ORDERED that Juliette Ramirez-McGinnis is dismissed from
5  this Complaint and is granted leave to file a separate complaint as directed above, no later than two
6  (2) weeks from the date of this order.
7  IT IS FURTHER ORDERED that Raul Murias-Hernandez is dismissed from this
8  Complaint and is granted leave to file a separate complaint as directed above, no later than two (2)
9  weeks from the date of this order.
10  IT IS FURTHER ORDERED that James Van Houten is dismissed from this
11  Complaint and is granted leave to file a separate complaint as directed above, no later than two (2)
12  weeks from the date of this order.
13  IT IS FURTHER ORDERED that Avelina Lavender is dismissed from this
14  Complaint and is granted leave to file a separate complaint as directed above, no later than two (2)
15  weeks from the date of this order.
16  Dated: October 12, 2010

_____
**ROGER L. HUNT**
**Chief United States District Judge**